**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Darryle Patrow,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CVS Health Corporation, et al.,<br><br>　　　　　Defendants. | No. CV-21-01091-PHX-SPL<br><br>**ORDER** |

　　　　Plaintiff filed this action in Maricopa County Superior Court on June 14, 2021 (Doc. 1–3). On June 23, 2021, Defendants removed this case to federal court (Doc. 1). On October 18, 2021, Plaintiff filed an Amended Complaint (Doc. 24). When Plaintiff failed to file evidence of service as to eight of the named Defendants, the Court ordered him to show cause why they should not be dismissed for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure (Doc. 29). Plaintiff subsequently filed proof of service within the Court's deadline as to four of the Defendants (Docs. 30, 31, 32, 33), and Plaintiff filed proof of service for three of the Defendants after the deadline had run (Docs. 34, 35, 36). For those that were untimely filed, the Court noted that the documents were blank. Plaintiff was provided with another chance to refile (Doc. 37), which Plaintiff again did after the new deadline had passed (Docs. 38, 39, 40). The Court further dismissed the eighth and final Defendant for failure to effect service (Doc. 37).

　　　　On February 8, 2022, the Court ordered Plaintiff to show cause in writing why this action should not be dismissed as to the seven aforementioned Defendants for failure to

prosecute (Doc. 41). On February 28, 2022, following another untimely response from Plaintiff (Doc. 42), the Court provided him with a deadline for the filing of a responsive pleading pursuant to Rule 12, an application for entry of default pursuant to Rule 55(a), or a motion for an extension to file such a pleading or application based on good cause shown (Doc. 43). The Court further warned Plaintiff that the Defendants would be subject to dismissal without further notice if he failed to comply with the Court's Order (Doc. 43).

On March 10, 2022, two of the Defendants filed a Motion to Dismiss for failure to properly effect service of process (Doc. 46).[1] On March 14, 2022, Plaintiff apparently attempted to file an Application for Entry of Default as to three of the Defendants, but the document was again blank (Doc. 48). Plaintiff further provided a status report as to the remaining two Defendants, advising the Court that Plaintiff's counsel was in communication with Defendants' counsel as to which was the proper party, and suggesting that the proper Defendant would answer once identified (Doc. 47).[2] This, however, was in direct conflict with the Court's order providing a hard deadline for the Defendants to answer or otherwise respond (Docs. 43 (initial order), 45 (providing an extension)). Although it was in this Court's discretion to dismiss certain Defendants for failure to prosecute, the Court provided Plaintiff with yet another opportunity to properly file his Applications for Entry of Default (Doc. 50).[3] The Court further instructed Plaintiff's counsel to show cause why sanctions should not be imposed for failure to prosecute this case in accordance with its numerous Orders (Doc. 50).

On March 18, 2022, Plaintiff's counsel filed a response to the Order to Show Cause (Doc. 57). The Response explains that counsel "has diligently attempted to sort the complexity of entities involved" in what is "an extremely complex product liability

---

[1] These Defendants have since been voluntarily dismissed (Doc. 61).

[2] Plaintiff later filed a Notice of Dismissal, in which both parties were dismissed without prejudice (Doc. 56).

[3] Plaintiff refiled the Application for Default (Doc. 53), which was entered by the Clerk of Court on March 15, 2022 (Doc. 54). Plaintiff subsequently moved to set aside the default and dismiss those parties on March 17, 2022 (Doc. 55).

matter." (Doc. 57 at 5). The Response further details the investigations conducted with respect to the case thus far. The Court, however, is not concerned with the complexity of the case, but counsel's apparent view of deadlines as simply suggestions—which is especially concerning given the Court's repeated admonitions. The fact that a case may be factually or legally complicated does not mean that counsel is free to ignore Court Orders or rules of the Court.

Federal Rule of Civil Procedure 16(f)(1)(C) provides that a court may, sua sponte, impose sanctions for failure to obey a scheduling or other pretrial order. The Court need not find that a party acted in bad faith in its failure to comply with the Court's orders. *See, e.g.*, *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (finding sanctions appropriate even though failure to appear was not intentional). Additionally, LR Civ 83.1(f) also provides that the Court may on its own initiative impose sanctions upon an attorney who violates any order of the Court. LRCiv 83.1(f)(1)(A).

Because all of the affected Defendants have since been dismissed, the Court will not impose sanctions *at this time*. Counsel, however, is advised that any such future failures to abide by Court procedures or deadlines may result in monetary sanctions or a termination of this case in its entirety. The Court has presided over numerous complex matters over the years and is fully aware that such proceedings can be litigated in a timely manner and without requiring the Court to issue repeated Orders to Show Cause. This is Counsel's last warning.

Dated this 12th day of April, 2022.

Honorable Steven P. Logan
United States District Judge